IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| David Lee Spicer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 3:12-460-TLW |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# ORDER

The plaintiff, David Lee Spicer ("plaintiff"), brought this action on February 17, 2012 pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security Administration ("Commissioner" or "defendant"), denying his claim for Supplemental Security Income ("SSI"). (Doc. #1). This matter is before the Court for review of the Report and Recommendation ("the Report") filed on June 13, 2013 by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. (Doc. #26). In the Report, the Magistrate Judge recommends that the Commissioner's decision be affirmed. (Doc. #26).

The plaintiff filed objections to the Report on July 1, 2013. (Doc. #27). This Court notes that the plaintiff's objections specifically raise, among other things, that the Magistrate Judge's Report and Recommendation improperly adopted two post-hoc rationales, relating to both time frame and

1

self report of positive findings, in order to support the Commissioner's finding that plaintiff did not meet or equal the Listing of Impairments (See 20 C.F.R. Pt. 404. Subpt. P, at § 1.04) (Disorders of the Spine).  (See Doc. #27 at 4).  After careful consideration, and in light of the extensive analysis of the record by both the Magistrate Judge and the Administrative Law Judge, the Court concludes that the plaintiff's position does not warrant relief.  This Court finds that the correct legal principles were applied by the Administrative Law Judge and that the findings of fact are supported by substantial evidence.

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636.  In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . .  The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation and the plaintiff's objections thereto .  After careful consideration, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED**.  (Doc. # 26).  For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

July 29, 2013
Columbia, South Carolina